UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

    Plaintiff,

v.

SCOTT KERNAN,

    Defendant.

Case No. 20-cv-03159-PJH

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Re: Dkt. No. 2

Petitioner, a former California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His conviction occurred in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner states that he pled guilty on February 5, 2015, and was resentenced on October 3, 2018, without his knowledge or consent. Petition at 7. He states that during the resentencing, restitution was imposed. *Id.* According to 2015 the written plea agreement, petitioner initialed that he understood that conviction on the underlying charge would require him to pay restitution. *Id.* at 20. Petitioner is no longer in custody. *Id.* at 1.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIM**

As grounds for federal habeas relief petitioner states that the order to pay restitution violated his rights under the Fifth, Eighth and Fourteenth Amendments.

Section 2254(a) uses the term "in custody" twice, with two different requirements. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed " 'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty. *Id.* at 978-79. The second usage (i.e., that the application may be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.* at 979-80. For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty. *Id.* at 980.

Petitioner's claim, which only challenges the restitution component of his sentence, fails to satisfy the second custody requirement because success on the claims might cause the restitution fine to be set aside but would not affect any restraint on his liberty. *See id.* at 980-81 (imprisoned petitioner failed to satisfy custody requirement for his petition challenging only the restitution component of his sentence because the "elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty" as long as he has to serve the rest of his prison sentence in the same manner).

2

In this case petitioner is no longer incarcerated. If petitioner were not on parole, then setting aside the restitution fine would have no bearing on his confinement as he is already out of custody. Petitioner filed another case in this court concerning his parole that discussed his parole conditions. *See Torres v. Kernan*, Case No. 19-6885 PJH. Assuming petitioner is still on parole and even if this court were to set aside the restitution fine, it would have no bearing on the other parole conditions he must abide by and their restraint on his liberty. *Id.*, Docket No. 1 at 22-25.[1]

The petition is dismissed with leave to amend to provide more information in light of the legal standards set forth above. In addition, petitioner agreed to pay restitution fines when he pled guilty. He must also provide more information how now having to pay restitution when he agreed to pay per the terms of the plea bargain sets forth a viable federal claim.

## CONCLUSION

1. The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

2. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed no later than **July 8, 2020**, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the petition.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June 9, 2020

---

[1] The court takes judicial notice of the court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge