1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    MARIO TORRES,                      Case No. 20-cv-03159-PJH
                    Petitioner,
8
                                        **ORDER GRANTING MOTION TO**
9         v.                            **STAY AND ADMINISTRATIVELY**
                                        **CLOSING CASE**
10   SCOTT KERNAN,
                                        Re: Dkt. Nos. 8, 9
11                  Respondent.
12
13        Petitioner, a former California prisoner, filed a pro se petition for a writ of habeas
14   corpus pursuant to 28 U.S.C. § 2254.  The original petition was dismissed with leave to
15   amend and petitioner has filed a motion for a stay.
16                                    **BACKGROUND**
17        Petitioner states that he pled guilty on February 5, 2015, and was resentenced on
18   October 3, 2018, without his knowledge or consent.  Petition at 7.  He states that during
19   the resentencing, restitution was imposed.  *Id.*  According to 2015 the written plea
20   agreement, petitioner initialed that he understood that conviction on the underlying
21   charge would require him to pay restitution.  *Id.* at 20.  Petitioner is no longer in custody.
22   *Id.* at 1.
23                                     **DISCUSSION**
24   **STANDARD OF REVIEW**
25        This court may entertain a petition for writ of habeas corpus "in behalf of a person
26   in custody pursuant to the judgment of a State court only on the ground that he is in
27   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.
28   § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

United States District Court
Northern District of California

heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIM**

As grounds for federal habeas relief petitioner states that the order to pay restitution violated his rights under the Fifth, Eighth and Fourteenth Amendments. Petitioner seeks a stay to exhaust his claims and he notes the difficulties due to his pro se status and the current public health situation.

In light of petitioner's pro se status and the difficulties in utilizing libraries due to public health closures, the court finds that petitioner has demonstrated good cause for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005).  In *Rhines*, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.  *Rhines*, *supra*, at 277-78.  Liberally construing the motion, petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there do not appear to be any intentionally dilatory litigation tactics by petitioner.

This case will be stayed for petitioner to exhaust the remaining claims.  Petitioner is informed that before he may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims

1   he wishes to raise in this court.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding

2   every claim raised in federal habeas petition must be exhausted).

3        As noted in the court's original screening order, it was not clear that petitioner

4   could bring this claim due to no longer being incarcerated.  If plaintiff does not obtain

5   relief in state court, he still must address this issue for the case to continue.

6        Petitioner has also requested the appointment of counsel.  The Sixth

7   Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v.*

8   *Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B)

9   provides that in habeas cases, whenever "the court determines that the interests of

10  justice so require", representation may be provided for any financially eligible person.

11  Petitioner has presented his claims adequately, and they are not particularly complex.

12  The interests of justice do not require appointment of counsel.

**CONCLUSION**

14       1.  Petitioner's motion to appoint counsel (Docket No. 9) is **DENIED**.  Petitioner's

15  motion for a stay (Docket No. 8) is **GRANTED** and this case is **STAYED** to allow

16  petitioner to present his unexhausted claims in state court.  If petitioner is not granted

17  relief in state court, he may return to this court and ask that the stay be lifted.

18       2.  The stay is subject to the following conditions:

19       (1) Petitioner must diligently pursue his state court habeas proceedings; and

20       (2) Petitioner must notify this court within thirty days after the state courts have

21  completed their review of his claim or after they have refused review of his claims.

22       If either condition of the stay is not satisfied, this court may vacate the stay and act

23  on this petition.  *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness

24  concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and

25  back.").

26       The Clerk shall administratively close this case.  The closure has no legal effect; it

27  is purely a statistical matter.  The case will be reopened and the stay vacated upon

28  notification by petitioner in accordance with section (2) above.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    3.  Petitioner must keep the court informed of any change of address and must

2    comply with the court's orders in a timely fashion.  Failure to do so may result in the

3    dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

4    Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule

5    41(b) applicable in habeas cases).

6    **IT IS SO ORDERED.**

7    Dated: December 3, 2020

     */s/ Phyllis J. Hamilton*
    PHYLLIS J. HAMILTON
    United States District Judge