United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

　　　　　　Petitioner,

　　　v.

SCOTT KERNAN,

　　　　　　Respondent.

Case No. 20-cv-03159-PJH

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a former state prisoner pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the writ should not be granted.  Respondent filed an answer and lodged exhibits with the court and petitioner filed a reply.  For the reasons set out below, the petition is denied.

**BACKGROUND**

The facts of the underlying convictions are not relevant to this petition; however, a detailed description of the procedural history of petitioner's cases and federal habeas petitions is required.

On June 3, 2013, an information was filed accusing petitioner of battery causing serious bodily injury, in case no. 05-131090-3 ("Case One").  Answer Ex. 1 at 1-2.  On July 3, 2013, an information was filed accusing petitioner of inflicting corporal injury on a spouse or cohabitant, in case no. 05-131416-0 ("Case Two").  *Id*. Ex. 2 at 53-58.  On July 17, 2013, a complaint was filed accusing petitioner of misdemeanor being under the influence of methamphetamine, in case no. 01-163572-1 ("Case Three").  *Id*. Ex. 3 at 123.  On August 26, 2013, a complaint was filed accusing petitioner of misdemeanor possession of a controlled substance, in case no. 01-163919-4 ("Case Four").  *Id*. Ex. 4.

Petitioner was found guilty at a jury trial in Case One and sentenced to six years in prison, but the California Court of Appeal reversed the conviction and remanded for a retrial. *Id*. Ex. 2 at 83-97. On February 5, 2015, all of the above cases were resolved pursuant to a plea agreement. *Id*. Ex. 5 at 8-10. Petitioner pled guilty to various counts in Case One, Case Two and Case Three. *Id*. He was sentenced to six years in state prison in Case One, with concurrent terms in the remaining cases. *Id*. at 10-12. The prosecutor dismissed all the remaining counts and Case Four in its entirety. *Id*. at 12-13. However, the abstract of judgment in Case Two erroneously indicated that the prison terms were to be served consecutively instead of concurrently. *Id*. Ex. 2 at 61. This error gives rise to the claims in this petition.

Petitioner did not appeal his conviction, but he filed several state habeas petitions. *See Torres v. Hatton*, Case No. 17-4332 PJH, Docket No. 42 at 2-3. On July 31, 2017, petitioner filed a previous federal habeas petition in this court. Case No. 17-4332, Docket No. 1. Petitioner raised many claims in *Torres v. Hatton*, Case No. 17-4332 PJH, including several claims in the instant petition. Case No. 17-4332, Docket No. 42. This court stayed the petition so that petitioner could exhaust his claims. Case No. 17-4332, Docket No. 18. Petitioner filed a petition in the California Supreme Court on February 2, 2018, which was denied on May 9, 2018. Case No. 17-4332, Docket No. 42 at 3.

While the petition to the California Supreme Court was pending, the California Department of Corrections and Rehabilitation wrote a letter to the superior court requesting clarification regarding whether petitioner's sentences were to be served concurrently or consecutively because he was nearing his release date. Answer Ex. 1 at 10. On April 3, 2018, the superior court repeated its earlier error and mistakenly issued amended abstracts and a letter stating the sentences were to be served consecutively. *Id*. Ex. 1 at 3-5; Ex. 2 at 59.

On July 30, 2018, this court lifted the stay in *Torres v. Hatton*, Case No. 17-4332 PJH, and ordered respondent to show cause. Case No. 17-4332, Docket No. 28. On September 12, 2018, petitioner filed a habeas petition in the superior court. Docket No.

14-2 at 16.  On October 3, 2018, the superior court issued a correct amended abstract showing that the prison term in Case Two was to be served concurrently to the term for Case One.  Answer Ex. 6.  Petitioner was released from prison on November 14, 2018. *Id.* Ex. 7.

On October 24, 2018, a different department of the superior court issued an order to show cause on petitioner's claim that his sentence was modified in violation of the plea agreement.  Docket No. 14-2 at 15-18.  On October 31, 2018, the prosecution filed a response indicating that the abstract of judgment had been correctly amended on October 3, 2018.  *Id.* at 20-21.  The superior court concluded that the petition was therefore moot.  *Id.* at 22.

This court denied the previous federal habeas petition in *Torres v. Hatton*, Case No. 17-4332 PJH, on the merits on March 8, 2019.  Case No. 17-4332, Docket No. 42. The Ninth Circuit denied a certificate of appealability on September 13, 2019, and the United States Supreme Court denied a petition for writ of certiorari on February 24, 2020. Case No. 17-4332, Docket Nos. 57, 59.

This instant federal petition was filed on May 11, 2020.  Docket No. 1.  This court stayed the petition for petitioner to exhaust the claims and the California Supreme Court later denied the petition for review.  Docket No. 10; Answer, Ex. 9.

On April 2, 2021, petitioner filed another habeas petition in this court, *Torres. v. Allison*, Case No. 21-2406 YGR, and respondent was later ordered to show cause.

On February 25, 2022, the court in the instant case denied the petition and entered judgment.  On that same day, respondent filed a motion to relate *Torres. v. Allison*, Case No. 21-2406 YGR, and the instant case.  On March 1, 2022, the court reopened the instant case, vacated the judgment, related the cases and construed the petition in *Torres. v. Allison*, Case No. 21-2406 YGR, as an amended petition and ordered respondent to file a response to the additional claims.  Respondent filed an answer and petitioner filed a reply.

3

**STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *see Miller-El v. Cockrell*,  537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id*. at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

United States District Court
Northern District of California

United States District Court
Northern District of California

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005).  When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

The standard of review under AEDPA is somewhat different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim.  In such a case, as with all claims in this petition, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable.  *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000).  When confronted with such a decision, a federal court should conduct an independent review of the record to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law.  *Himes*, 336 F.3d at 853; *Delgado*, 223 F.3d at 982.

## DISCUSSION

As grounds for federal habeas relief, petitioner asserts that: (1) his plea agreement was violated, and he was improperly resentenced when the abstract of judgment was corrected; (2) restitution was improperly instituted when the abstract of judgment was corrected; (3) he received ineffective assistance of counsel; and (4) there were violations under *Brady v. Maryland*, 373 U.S. 83 (1963).

### I.      PLEA AGREEMENT
### LEGAL STANDARD

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled."  *Santobello v. New York*, 404 U.S. 257, 262 (1971).  Plea agreements are contractual in nature and subject to contract law standards of interpretation.  *In re Ellis*, 356 F.3d 1198, 1207 (9th Cir. 2004).  The construction of a

United States District Court
Northern District of California

state court plea agreement is governed by state contract law, and the federal court should not disturb a reasonable state court interpretation. *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987); *Buckley v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006) (en banc) (quoting *Ricketts* at 6 n.3) ("the construction and interpretation of state court plea agreements 'and the concomitant obligations flowing therefrom are, within broad bounds of reasonableness, matters of state law'").

If a plea agreement has been violated, relief is warranted even when the violation was inadvertent. *Santobello*, 404 U.S. at 262. *Santobello* clearly establishes that the remedy for violation of a plea agreement is either specific performance or permitting the petitioner to withdraw his plea, i.e., rescission of the plea agreement. *Id*. at 263. "In *Santobello v. New York*, the Supreme Court held that the remedies for a breach of plea agreement were either specific performance of the agreement or rescission of the entire agreement and withdrawal of the guilty plea, to be determined by the state court based on what 'the circumstances of [the] case require.'" *Fox v. Johnson*, 832 F.3d 978, 987-88 (9th Cir. 2016) (quoting *Santobello*).

**ANALYSIS**

Petitioner argues that his plea agreement was violated because the abstract of judgment erroneously stated that his terms of imprisonment were to be served consecutively instead of concurrently. Petitioner raised this same claim in *Torres v. Hatton*, Case No. 17-4332 PJH, which the court denied. While petitioner can raise this same claim again because an amended judgment was issued after the commencement of *Torres v. Hatton*, Case No. 17-4332 PJH, his claim still lacks merit for the same reasons noted before.[1] In addition, the Ninth Circuit denied a certificate of appealability

---

[1] "[A] petition is *not* second or successive if it is based on an intervening state court judgment – e.g. a new sentencing determination – notwithstanding that the same *claim* challenging a conviction (or even the new sentence) could have been brought in the first petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (emphases in original) (citing *Magwood v. Patterson*, 561 U.S. 320, 331-36 (2010)). Nor is such a petition second or successive where it brings a claim that was raised and ruled upon in a federal petition prior to the intervening state court judgment. *Morales v. Sherman*, 949 F.3d 474, 475-76 (9th Cir. 2020) (per curiam).

with respect to the prior habeas petition and the Supreme Court denied review.

The court denies the claim for the same reasons as set forth in the prior order. Furthermore, the plea agreement was initially violated due to the error in the abstract of judgment; however, it was later corrected to reflect that the sentences were to be served concurrently.  Petitioner received specific performance of the plea agreement which is a proper remedy as set forth by the Supreme Court.  Therefore, the state court's denial of this claim was not objectively unreasonable, and petitioner is not entitled to habeas relief.

Petitioner also argues that when the abstract of judgment was corrected, and the plea agreement was properly executed he was not informed or present, which violated his due process rights.  Petitioner has failed to show that the state court's denial of this claim was an unreasonable application of Supreme Court authority.

The Supreme Court established that the remedy for violation of a plea agreement is either specific performance or permitting the petitioner to withdraw his plea.  In this case petitioner was provided with specific performance of the plea agreement.  The Supreme Court has not established the required procedures for deciding which remedy is appropriate or how to specifically provide either remedy.  The Supreme Court has held that the construction of state court plea agreement is governed by state contract law, and the federal court should not disturb a reasonable state court interpretation.  *Ricketts,* 483 U.S. at 6 n.3.  The California Supreme Court denied this claim and found that petitioner's rights were not violated due to not being informed and due to his absence when the abstract of judgment was corrected.  Petitioner has failed to demonstrate that this decision was unreasonable.  This claim is denied.

## II.  RESTITUTION

### LEGAL STANDARD

The court is empowered to "entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  Accordingly, to state a habeas

7

United States District Court
Northern District of California

claim, the petitioner must challenge the validity of the fact or duration of his confinement. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (habeas is the proper vehicle where the prisoner "seeks either immediate release from prison, or the shortening of his term of confinement"). However, claims that "would not necessarily lead to [a prisoner's] immediate or earlier release from confinement" do not fall within "the core of habeas corpus" and fail to confer habeas jurisdiction on the court. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

**ANALYSIS**

Petitioner next argues that the restitution order in the amended abstract of judgment violated his due process rights and constituted cruel and unusual punishment.

The Ninth Circuit has held that "§ 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order." *Bailey v. Hill*, 599 F.3d 976, 984 (9th Cir. 2010) (footnote omitted). "[T]he remedy that [Petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty." *Id*. at 981. A federal court, then, lacks jurisdiction to hear claims that challenge the money portion of a state judgment, such as a restitution order, which does not affect the duration of custody. *Id*. at 982. A restitution claim does not challenge the legality of a person's custody, even when paired with a custody claim, and therefore does not provide grounds for relief. *See Id*. at 978, 984.

Thus, the court does not have jurisdiction to review this claim. Assuming that the court did have jurisdiction, when petitioner entered his plea, he confirmed that he understood he would be required to pay appropriate restitution. Answer Ex. 3 at 131. This claim is denied.

### III.  REMAINING CLAIMS

The remining claims regarding ineffective assistance of counsel and *Brady* violations were also dismissed on the merits in *Torres v. Hatton*, Case No. 17-4332 PJH. In addition, the Ninth Circuit denied a certificate of appealability and the Supreme Court denied review.  The Supreme Court has noted that where a petitioner raises arguments that were previously rejected in an earlier federal habeas petition, "[i]t will not take a court long to dispose of such claims where the court has already analyzed the legal issues." *See Magwood v. Peterson*, 561 U.S. 320, 340 n.15 (2010).  For the same reasons as set forth in *Torres v. Hatton*, Case No. 17-4332 PJH, the court again denies these claims and no further analysis is warranted.

### APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

To obtain a COA, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard.  Here, the court finds that none of the claims meet the above standard and accordingly DENIES a COA.  *See generally Miller-El*, 537 U.S. at 327.

### CONCLUSION

1.  The prior order in this case denying the petition (Docket No. 19) is **VACATED**. The petition for writ of habeas corpus is **DENIED** on the merits and this order adjudicates all of petitioner's claims.  A certificate of appealability is **DENIED**.  *See* Rule11(a) of the

United States District Court
Northern District of California

Rules Governing Section 2254 Cases.

      2.  The clerk shall close the file.

      **IT IS SO ORDERED.**

Dated: June 23, 2022

                                      */s/ Phyllis J. Hamilton*

                                    PHYLLIS J. HAMILTON
                                    United States District Judge

United States District Court
Northern District of California